**514**

**Marvin A. RHODEMAN, Plaintiff,**

v.

**ROBERTSON AND PENN, INC., a/k/a National Service Company, Defendant.**

**No. 91–1352–B.**

United States District Court, D. Kansas.

March 26, 1992.

Sheila Hochhauser, Manhattan, Kan., for plaintiff.

Keith Henry, Weary, Davis, Henry, Struebing & Troup, Junction City, Kan., for defendant.

ORDER

REID, United States Magistrate Judge.

Five motions come before the court for resolution. The first motion is plaintiff's motion to extend discovery, filed on March 5, 1992 (Doc. 28). The second motion is plaintiff's motion for a protective order, filed on March 5, 1992 (Doc. 27). The third motion is plaintiff's motion for a protective order, filed March 9, 1992 (Doc. 32). The fourth motion is plaintiff's motion to continue the dates in the scheduling order for 2½ months (Doc. 36). The fifth motion is plaintiff's motion to extend the time to provide preliminary estimate of damages (Doc. 37).

Plaintiff seeks to extend the deadlines set in the scheduling order in this case because plaintiff's counsel is a member of the Kansas House of Representatives. The court will note that the Kansas legislature is generally in session from January through May of each year. The present scheduling order sets the deadline for discovery as April 2, 1992. Many of the other deadlines set by that order may also fall within the period that the Kansas legislature is in session. The two motions for a protective order filed by plaintiff seek to postpone or reschedule two depositions noticed up during the legislative session. Defense counsel offered four dates for the taking of the depositions, but noticed up the depositions when they had not heard from the office of plaintiff's counsel three days after they provided the four dates. Plaintiff's counsel subsequently communicated to defense counsel that at least one of the dates originally proposed by defense counsel was acceptable, but defense counsel refused to reschedule the depositions.

Plaintiff's counsel seeks relief on the ground that she is a member of the Kansas House of Representatives, and that her full-time duties during the legislative session severely limit the time she has available to conduct discovery and prepare the case for trial while the legislature is in

session. Defendant argues that the fact that counsel for plaintiff is a legislator is irrelevant and immaterial to the efficient resolution of this case, and that the attempts of plaintiff's counsel to burden the court, the parties and counsel with her legislative schedule are unreasonable, inefficient, a waste of judicial resources, and unreasonably and unfairly delay the resolution of this case.

■■■■ Kansas law provides the following for members of the Kansas legislature:

K.S.A. 46-125. That from and after the fifteenth day preceding the day on which any regular or special session of the legislature of this state shall convene, and until the tenth day after adjournment is taken sine die, members of the legislature of this state shall not be required to appear in any court in this state and participate in the trial of any action therein pending, or the hearing of any motion, application or other proceeding in which such member is employed as attorney or interested as a party; and no such member shall be required to attend the taking of any depositions in any action pending in any court in this state in which he is employed during the whole of said period of time, except in cases where the court shall, in its discretion, make an order authorizing the taking of such deposition.

K.S.A. 46-126. That any member of the legislature who may have a case pending in any court in this state, may have the same continued until the legislature shall adjourn sine die in the manner hereafter provided for.

K.S.A. 46-127. That all judges of the courts of this state shall take judicial notice of the personnel of the legislature, and it shall be the duty of said judge to continue the trial of any cause in which any member of the legislature appears as attorney of record or party, so that said cause shall not be tried and no motion, application or other proceedings shall be taken or heard or judgment rendered therein during a period beginning fifteen days before the legislature convenes and until the expiration of ten days after the

legislature shall have adjourned sine die, unless such privilege is waived in open court or in writing by such member.

K.S.A. 46-128. Any deposition taken during the time mentioned and referred to in K.S.A. 46-125, without leave of court shall not be read in evidence on behalf of the party taking the same without the consent of any such attorney: Provided, that the judge shall have full discretionary power to prevent any abuse of the privileges herein granted.

While the court finds that these state statutes are not binding on a federal court sitting in the state, the principle of comity weighs heavily in favor of following these statutes out of deference and mutual respect. While the court is interested in the speedy resolution of all cases before it, especially in light of the Civil Justice Reform Act, the court finds that K.S.A. 46-125, et seq., cited above, should generally be followed by the federal courts in Kansas. In addition to promoting comity between federal and state officials, the court believes that this policy will encourage members of the bar to serve in the legislature. Attorneys should not be penalized for public service to this state. The delay engendered by this rule is not unreasonable, especially in light of the benefits to the bar and this court by having attorneys serve in the state legislature.

The statutes cited above do not bar discovery in a case during the session, but specifically indicate that the court can authorize the taking of depositions in a case during the session. In deciding whether to continue certain discovery and extend deadlines set forth in the scheduling order in a case because one of the counsel is serving in the legislature, the court will examine the facts of each case to determine what matters should be continued during the session. For example, if a legislator is a sole practitioner, that factor would weigh heavily in favor of continuing certain discovery and in extending deadlines set forth in the scheduling order until after the session is adjourned.

Furthermore, in this district, it has been the accepted practice for attorneys to make

an effort to agree among themselves for the taking of depositions before resorting to the giving of formal notice. This enables them to make arrangements that will suit the convenience of all interested parties. *See* 8 Wright and Miller, *Federal Practice and Procedure* § 2046 at 316–17 (1970). The court expects counsel to work out a mutually agreed upon schedule for the taking of depositions. Even if plaintiff's counsel was not in the legislature, defense counsel should have made an effort to reschedule the depositions to a date and time that would work for plaintiff's counsel.

Counsel for plaintiff in this case is a solo practitioner. Despite her service in the legislature, she has made a good faith effort to schedule depositions during the session. On the other hand, counsel for the defendant has refused to make any accommodation to counsel for the plaintiff due to her service in the legislature. On these facts, the court finds good cause shown to quash the depositions and to continue the deadlines set in the scheduling order. The court will adopt the dates suggested by the plaintiff for the revised scheduling order.

IT IS THEREFORE ORDERED that the motion to extend discovery and the motion to extend the other deadlines set in the scheduling order are granted. The new deadlines shall be as follows:

a. All discovery shall be completed by June 15, 1992;

b. Any motions to amend the pleadings or the parties shall be filed by June 15, 1992;

c. All interrogatories under Rule 33 and all requests for production under Rule 34 shall be served on or before May 15, 1992;

d. Counsel will exchange any additional proposed exhibits and lists of witnesses (including their addresses) not previously listed, and shall file with the clerk, lists of proposed additional witnesses and exhibits by April 30, 1992;

e. Any dispositive motions and supporting memoranda shall be filed by August 3, 1992;

f. The final pretrial conference is scheduled for August 14, 1992 at 10:00 a.m. in Room 403, U.S. Courthouse, 401 N. Market, Wichita, Kansas 67202.

g. A settlement conference is scheduled for August 28, 1992 at 1:30 p.m. in Room 403, U.S. Courthouse, 401 N. Market, Wichita, Kansas 67202.

IT IS FURTHER ORDERED that the motions for a protective order are granted. No depositions shall be taken during the legislative session in this case unless with the consent of plaintiff's counsel or by order of this court.

IT IS FURTHER ORDERED that plaintiff shall have until May 15, 1992 to provide a preliminary estimate of the damages sought by plaintiff.

Copies of this order shall be mailed to counsel of record for the parties.