Thomas C. **MORROW**, et al., Plaintiffs,

v.

**WALLER TRUCKING, L.C.,** Defendant.

No. 96–1042–MLB.

United States District Court,
D. Kansas.

Jan. 28, 1997.

Anthony J. Powell, Patterson, ZanZandt, Powell, Woolley & Harris, L.C., Wichita, KS, for Plaintiffs.

David K. Holmes, Wichita, KS, for Defendant.

## MEMORANDUM AND ORDER

REID, United States Magistrate Judge.

On January 21, 1997, plaintiffs filed "objections" to the taking of plaintiffs' depositions (Doc. 30). From the language of the pleading, the court would assume that plaintiffs seek a protective order that the depositions not be taken.

Plaintiffs take issue with the revised scheduling order filed on December 19, 1996. The first issue raised is plaintiffs' argument that their counsel, a legislator in the Kansas House of Representatives, shall not be required to attend any deposition during the time the Legislature is in session. K.S.A. 46–125 et seq. One case has addressed that issue, *Rhodeman v. Robertson and Penn, Inc.,* 141 F.R.D. 514 (D.Kan.1992). This court held in *Rhodeman* that even though state statutes are not binding on a federal court sitting in the state, the court held that K.S.A. 46–125 et seq. would be followed based on the principle of comity.

K.S.A. 46–125 clearly states that a court, in its discretion, may issue an order authorizing the taking of a deposition in which a member of the legislature shall be required to attend while the legislature is in session. This court went on to state the following:

> The statutes cited above do not bar discovery in a case during the session, but specifically indicate that the court can authorize the taking of depositions in a case during the session. In deciding whether

to continue certain discovery and extend deadlines set forth in the scheduling order in a case because one of the counsel is serving in the legislature, the court will examine the facts of each case to determine what matters should be continued during the session. For example, if a legislator is a sole practitioner, that factor would weigh heavily in favor of continuing certain discovery and in extending deadlines set forth in the scheduling order until after the session is adjourned.... Counsel for plaintiff in this case is a solo practitioner. **Despite her service in the legislature, she has made a good faith effort to schedule depositions during the session.** On the other hand, counsel for the defendant has refused to make any accommodation to counsel for the plaintiff due to her service in the legislature. On these facts, the court finds good cause shown to quash the depositions and to continue the deadlines set in the scheduling order (emphasis added).

*Rhodeman,* 141 F.R.D. at 515, 516.

At the conference on November 22, 1996, the court asked plaintiffs' counsel if he had law partners who could help him on this case. Plaintiffs' counsel informed the court that he had not checked with any of them, but that it was possible that they could help him with the case. At this conference, the court directed counsel to submit to the court a proposed scheduling order. After reviewing that order, the court issued a revised scheduling order on December 19, 1996.

■ In plaintiffs' motion, it states that "plaintiffs should not be forced in requiring the presence of another attorney as the other attorneys in the firm ... have not participated in this case, and are not familiar with the facts." As this court has previously held, the court will examine the facts of each case to determine what matters should be continued during the session. Unlike the case in *Rhodeman,* plaintiffs' counsel in this case has five other attorneys associated with him in his law firm.[1] The mere fact that the other attorneys in the firm have not participated in the case nor are familiar with the case does not, of itself, preclude plaintiffs' counsel from obtaining their assistance during the session, so that discovery in this case might be completed in a more expeditious manner. It is not at all uncommon in the bar for a partner or associate in a firm to handle a discovery or pretrial matter, including a deposition for another member of that firm, if the attorney handling the case is otherwise committed. As a former practitioner, this court knows from firsthand experience that attorneys often fill in for a partner or associate in a case in which they have not previously participated and are not already familiar with the facts of the case. Plaintiffs' counsel has not represented to the court that the other attorneys in his firm are unable to assist him in this case. So long as plaintiffs' counsel has partners or associates who may assist him in his cases, the court will not stay all discovery during the legislative session. However, the court will make every effort to accommodate plaintiffs' counsel to the extent that his partners or associates are unable to fill in for him. In summary, the taking of plaintiffs depositions is not contrary to state law, and the court will not, based on the representations made to date, stay the taking of those depositions during the legislative session.

■ The pleading also notes that the court's scheduling order did not address "the dispute between the parties concerning the ability of Defendant to depose Plaintiffs." In the proposed scheduling order signed by plaintiffs' counsel, it states that "the parties have been unable to agree whether Defendant should have a right to depose Plaintiffs herein ... The court has not heard arguments for or against Defendant taking the deposition of the Plaintiffs." As of this date, no motion has been filed by either party for or against defendant's right to take the depositions of the plaintiffs. Absent the issue being brought before the court in the form of a motion with accompanying argument, the court is in no position to address the dispute; at this point, the court does not even know the nature of the dispute.

In taking any depositions in this case, the court will expect counsel to make every effort to agree among themselves as to the date,

1. This information is based on data provided by the Wichita Bar Association.

time and location of depositions before resorting to the giving of formal notice in order that arrangements may be made that will suit the convenience of all interested parties. *Rhodeman*, 141 F.R.D. at 515–516. Given the fact that less than one month remains before the close of discovery, and the fact that plaintiffs' counsel is in the legislature and may have to request the assistance of his partners or associates in handling some of the matters in this case, the court will be open to allowing some additional time if good cause is set forth in a motion filed with the court.

IT IS THEREFORE ORDERED that plaintiffs' objections as to the taking of plaintiffs' depositions during the 1997 session of the Kansas Legislature are overruled and denied.

Copies of this order shall be mailed to counsel of record for the parties.